United States District Court

Eastern District of California

Mark Anthony,

     Petitioner,          No. Civ. S 05-0482 FCD PAN P

  vs.                 Order

John Marshall, et al.,

     Respondents.

-oOo-

    Petitioner requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

    There is no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 18 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  Unless an evidentiary hearing is necessary, the decision to appoint counsel

1   is discretionary.  Bashor v. Risley, 730 F.2d 1228, 1234 (9th

2   Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules

3   Governing § 2254 Cases.

4         In deciding whether to appoint counsel the court exercises

5   discretion governed by a number of factors, including the

6   likelihood of success on the merits and the applicant's ability

7   to present his claims in light of their complexity.  Weygandt v.

8   Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.

9   Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the

10   presumption of regularity in the state's procedures for confining

11   prisoners suggests a lack of likely success and counsels against

12   appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887

13   (7th Cir. 1981).  As a general rule, the court will not appoint

14   counsel unless the applicant shows his claim has merit in fact

15   and law.  Id.  Even if the applicant overcomes this hurdle, the

16   court will not appoint counsel if the law is settled and the

17   material facts are within the petitioner's possession, viz., they

18   do not require investigation outside the prison walls.  Id. at

19   887-88.

20         Here, petitioner alleges he was not permitted to testify at

21   trial, appellate counsel was ineffective and he was excluded from

22   critical stages of trial.  The law governing this these issues is

23   settled.  Neither factual development nor legal insight are

24   required because these proceedings are limited to claims that

25   already were identified and presented to the California Supreme

26   Court.  There is, on the record before the court, no reason to

1  believe appointment of counsel would be of significant benefit.

2      Petitioner's October 17, 2005, request for the appointment

3  of counsel therefore is denied.

4      So ordered.

5      Dated:  October 20, 2005.

6                              /s/ Peter A. Nowinski
                            _____
7                            PETER A. NOWINSKI
                            Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26