IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY,

      Petitioner,                    No. CIV S-05-0482 FCD EFB P

    vs.

JOHN MARSHALL,

      Respondent.                 <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending is petitioner's motion to file a supplemental petition. The court construes the motion as one to file an amended petition and, for the reasons explained, denies the motion.

**I.    Procedural History**

      On May 20, 2003, petitioner was convicted of various violations under the California Vehicle and Penal Codes. Petitioner unsuccessfully appealed, and the California Supreme Court denied a petition for review of the appellate court's disposition on January 19, 2005. Without having pursued any state post-conviction remedies, petitioner filed his federal petition on March

////

////

1

10, 2005.¹  On July 8, 2005, respondent filed an answer.  Plaintiff filed a motion to file a supplemental petition and a document styled, "Supplemental Petition Brief" on February 28, 2008.  Respondents have filed an opposition.

**I.      Supplementation and Amendment of Pleadings in Habeas Actions**

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Read in conjunction with the rules applicable to habeas proceedings and to ordinary civil actions, there is no doubt as to what law governs.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, insofar as they are not inconsistent with any statutes or rules applicable to habeas proceedings, courts may apply the Federal Rules of Civil Procedure in habeas proceedings.  The Federal Rules of Civil Procedure expressly provide that they apply to habeas corpus proceedings insofar as the practice is not specified in any statute or rule particular to habeas corpus proceedings.  Fed. R. Civ. P. 81(a)(2).  Thus, under both sets of rules, courts entertaining federal habeas petitions rely on  Federal Rule of Civil Procedure 15 to determine whether amendment or supplementation is permitted. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005).

Rule 15 distinguishes between supplementing and amending a complaint.  In an amended complaint, a party may replead or add facts or claims arising prior to or contemporaneously with the allegations of the original complaint.  *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *Flaherty v. Lang*, 199 F.3d 607, 613 n. 3 (2d. Cir. 1999).  A supplemental complaint addresses matters occurring after the original complaint is filed.  Fed. R. Civ. P. 15(d).  Here, petitioner seeks to add a claim that his rights under the Sixth and Fourteenth Amendments were violated during sentencing.  *See Cunningham v. California*, 549 U.S. 270, 871 (2007) ("the

---

¹ Respondents contend that petitioner has not exhausted the available state remedies. However, they urge that the petition be denied on the merits because, they argue, "it is 'perfectly clear' theat Petitioner's application 'does not raise even a colorable federal claim.'"  Answer, at 3.  *See* 28 U.S.C. § 2254(b)(3); *Cassett v. Stewart*, 406 f.3d 614, 623-24 (9th Cir. 2005) (federal court may deny relief on the merits of an unexhausted claim "only when it is perfectly clear that the applicant does not raise even a colorable federal claim.")

middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum" for purposes of an analysis under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  This alleged violation occurred contemporaneously with the allegations in the original petition, i.e., during trial and sentencing.  Therefore, petitioner wants to amend rather than supplement his complaint and the court construes the motion as a motion for leave to amend.

**II.     Procedural Requirements for Amending a Pleading**

Petitioner's effort to amend his petition has failed to comply with the Local Rule 15-220. That rule requires that:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by Court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.

Local Rule 15-220.  The proposed new petition contains only petitioner's *Cunningham* claim. *Cunningham,* 549 U.S. at 871.  It does not include the other claims and is not complete in itself without reference to the prior petition.

Accordingly, it is hereby ORDERED that petitioner's February 28, 2008, motion to file a supplemental petition, construed as one to file an amended petition, is denied without prejudice.

Dated:  March 30, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE